IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WENDELL RIVERA-RUPERTO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CIV. NO. 20-1127 (SCC) |

**OPINION AND ORDER**

Wendell Rivera-Ruperto has filed a timely[1] petition under 28 U.S.C. § 2255, asking the Court to vacate or set aside his sentences that total nearly 162 years' imprisonment.

**I.**

Two juries convicted Rivera-Ruperto of offenses stemming from drug transactions staged by the Federal

---

1. A § 2255 petition is timely if it is filed within one year of "the date on which the judgment of conviction becomes final." § 2255(f)(1). The U.S. Supreme Court denied Rivera-Ruperto's petition for certiorari on February 25, 2019. *Rivera-Ruperto v. United States*, 139 S. Ct. 1258 (2019). The Clerk's Office received his § 2255 petition on February 18, 2020. Docket No. 1-1. So it is timely. *See Rossetti v. United States*, 772 F.3d 322, 332 (1st Cir. 2014) ("[Petitioner's] judgment of conviction . . . became final . . . the day on which his petition for certiorari was denied.").

Bureau of Investigation. And two judges sentenced him to a total of 161 years and 10 months' imprisonment. He has asked the Court to vacate or set aside these sentences on several grounds: (1) counsel provided ineffective assistance by failing to move the Court to dismiss the indictments; (2) 28 U.S.C. § 841 is unconstitutional on its face or as applied to him because he engaged in "fake" drug transactions, rather than real ones; (3) 18 U.S.C. § 924 is unconstitutional as applied to him because he did not use a firearm during and in relation to a "real" offense; (4) the United States committed prosecutorial misconduct by prosecuting him for "fake crime[s]"; (5) the Court committed judicial misconduct by allowing this prosecution; and (6) the United States did not have jurisdiction to prosecute him under 18 U.S.C. § 922(k) because that section is not related to interstate commerce.

      The Court begin with Rivera-Ruperto's ineffective-assistance claim. He argues that counsel provided ineffective assistance because he did not move the Court to dismiss the indictments. Had counsel "bothered to research the law," he

| RIVERA-RUPERTO V. UNITED STATES OF AMERICA | Page 3 |
|---|---:|

says, counsel would have discovered that he cannot be prosecuted under § 841 or § 924(c) because the drug transactions were fake and those sections have "nothing to do with interstate commerce." Docket No. 1, pgs. 3–4. And had counsel made these arguments, he contends, the indictments would have been dismissed. *Id.* at 4.

To prove an ineffective-assistance claim, Rivera-Ruperto bears the burden of showing "(1) that 'counsel's performance was deficient,' meaning that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment'; and (2) 'that the deficient performance prejudiced the defense.'" *Rossetti v. United States*, 773 F.3d 322, 327 (1st Cir. 2014) (quoting *United States v. Valerio*, 676 F.3d 237, 246 (1st Cir. 2012)). In assessing counsel's performance, we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," finding deficiency only "where, given the facts known [to counsel] at the time, counsel's choice was so patently

| RIVERA-RUPERTO V. UNITED STATES OF AMERICA | Page 4 |
|---|---:|

unreasonable that no competent attorney would have made it." *Id.* (first quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984); and then quoting *Knight v. Spencer*, 447 F.3d 6, 15 (1st Cir. 2006)). Prejudice exists where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Counsel is not required to move to dismiss the indictments on meritless grounds. *United States v. Porter*, 924 F.2d 395, 397 (1st Cir. 1991) (Breyer, J.) ("Counsel need not make meritless arguments."). Where the grounds would have been meritless, there is no prejudice from not raising them. *United States v. Caggiano*, 899 F.2d 99, 102 (1st Cir. 1990). That means we can resolve Rivera-Ruperto's ineffective-assistance claim by evaluating the merits of the arguments that he says counsel should have made.

First, the indictments would not have been dismissed on the ground that the drug offenses that the government accused him of committing were staged. For it is well-settled

"that law enforcement officers may engage in undercover sting or reverse-sting operations to ensnare drug dealers." *United States v. Cortés-Cabán*, 691 F.3d 1, 20 n.20 (1st Cir. 2012); *see also Hampton v. United States*, 425 U.S. 484, 485 (1976) (plurality opinion) (affirming defendant's conviction under § 841 where he procured the drugs from a government informant or agent). Neither would the indictments have been dismissed on the ground that the drugs at issue were "fake." That is because a portion of the drugs at issue were real, and § 841(b)(1)(B)(ii) criminalizes distributing mixtures or substances containing a "detectable" amount of cocaine.

  Finally, the indictments would not have been dismissed on the ground that § 841 and § 924(c) do not involve interstate commerce. We start with § 841. "[W]here a *general regulatory statute bears a substantial relation to commerce*, the *de minimis* character of individual instances arising under that statute is of no consequence." *United States v. Lopez*, 514 U.S. 549, 558 (1995) (quoting *Maryland v. Wirtz*, 392 U.S. 183, 196 n.27 (1968)). Congress has said that intrastate drug

trafficking has a "substantial and direct effect" on interstate commerce. 21 U.S.C. § 801(3); *see also* § 801(4)–(6). So the *de minimis* character of Rivera-Ruperto's conduct is of no consequence. The First Circuit, indeed, has held that "Congress had authority under the Commerce Clause to criminalize the conduct under [§ 841]." *United States v. Lerebours*, 87 F.3d 582, 585 (1st Cir. 1996). Moreover, because his § 924(c) convictions are premised on his drug trafficking convictions under § 841—and thus necessarily involve conduct that Congress can regulate under the Commerce Clause—we reject his Commerce Clause challenge to § 924(c). *See United States v. Brown*, 73 F.3d 96, 97 (8th Cir. 1995) ("Because [defendant]'s section 924(c)(1) conviction is based on his section 841(a)(1) drug trafficking offense, which involved an 'activity that substantially affected interstate commerce,' we reject [his] *Lopez* challenge." (quoting *Lopez*, 514 U.S. at 559)); *see also United States v. Goodwin*, 141 F.3d 394, 399 (2d Cir. 1997) ("As [defendant]'s drug trafficking activity clearly is a proper subject for federal regulation, his

| RIVERA-RUPERTO V. UNITED STATES OF AMERICA | Page 7 |
|---|---:|

conviction for money laundering—based as it is on his disposition of the proceeds of drug trafficking—necessarily involves activity regulable by the federal government.").

The arguments that Rivera-Ruperto faults counsel for failing to raise in a motion to dismiss the indictments are meritless. Thus, counsel was not deficient for failing to raise them, *Porter*, 924 F.2d at 397, and there is no prejudice stemming from this failure, either, *Caggiano*, 899 F.2d at 102. In the process of resolving his ineffective-assistance claim, we have also resolved his second and third grounds to vacate or set aside his sentences. For, as we have discussed, the governemnt is permitted to stage drug transactions and prosecute their participants; the "fake" drugs at issue contained a detectable amount of cocaine and, thus, fall within the scope of § 841; and because his § 924(c) convictions are premised on his drug trafficking convictions under § 841, which is a valid exercise of Congress's power under the Commerce Clause, his § 924(c) convictions necessarily involve conduct that Congress can regulate under the

Commerce Clause.

We turn to Rivera-Ruperto's fourth and fifth grounds to vacate or set aside his sentences. He contends that the government committed prosecutorial misconduct when it "manufactured a case" against someone who was "not predispose[d]" to be a drug trafficker, Docket No. 1, pg. 5, and that the Court committed judicial misconduct by allowing this prosecution, *id.* But "[c]laims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Lassend v. United States*, 898 F.3d 115, 122 (1st Cir. 2018) (quoting *Massaro v. United States*, 538 U.S. 500, 504 (2003)). He has provided no reason why he could not have raised these claims in one of his direct appeals—*United States v. Rivera-Ruperto*, 846 F.3d 417 (1st Cir. 2017), and *United States v. Rivera-Ruperto*, 852 F.3d 1 (1st Cir. 2017). Therefore, he cannot raise them on collateral review.[2]

---

2. Had we not reached the merits of Rivera-Ruperto's second and third grounds to vacate or set aside his sentences while resolving his first ground, we would have rejected them because he has failed to explain why he could not have raised them on direct appeal.

Moreover, his judicial-misconduct claim appears to be contingent on an idea that we have rejected—*i.e.*, that the government may not prosecute people for offenses stemming from sting operations that use fake drugs with a detectable amount of a controlled substance.

The Court turn to Rivera-Ruperto's final ground to vacate or set aside his sentences. He argues that the government did not have jurisdiction to prosecute him under § 922(k) because that section is not related to interstate commerce. Docket No. 1, pg. 6. But he did not raise this claim on direct appeal and has provided no reason why he could not have. Thus, the claim fails here. In any event, the First Circuit has "repeatedly and unreservedly rejected" the argument that § 922(k) exceeds Congress's Commerce Clause authority. *United States v. Roszkowski*, 700 F.3d 50, 57 (1st Cir. 2012).

One final point. Nearly two years after filing his § 2255 petition, Rivera-Ruperto filed a supplementary motion directing the Court's attention to a recent decision: *United*

*States v. Ruvalcaba*, No. 21-1064, 2022 WL 468925 (1st Cir. Feb. 15, 2022). There, the First Circuit held that the district court may consider non-retroactive changes in sentencing law to determine whether an extraordinary and compelling reason exists for a sentence reduction. *Id.* at *9.

Rivera-Ruperto appears to seek a sentence reduction on the ground that his "stacked" § 924(c) sentences present an extraordinary and compelling reason for one. *See* Docket No. 15, pgs. 2–3. The First Step Act changed the § 924(c) "stacking regime." *Ruvalcaba*, 2022 WL 468925, at *13 (Barron, J., concurring). Section 924(c) criminalizes "us[ing] or carr[ying] a firearm" "during and in relation to any crime of violence or drug trafficking crime" or "possess[ing] a firearm" "in furtherance of any such crime." § 924(c)(1)(A). Before the First Step Act, someone who had a prior § 924(c) conviction received a mandatory minimum sentence of twenty-five years' imprisonment for each subsequent one, even where the prior conviction was not yet final. *Ruvalcaba*, 2022 WL 468925, at *13. These sentences, moreover, would run consecutively.

*Id.* That means someone without a criminal history who committed multiple § 924(c) offenses at the same time, like Rivera-Ruperto, would trigger the twenty-five-year mandatory minimum without being a true recidivist. *Id.* The First Step Act amended § 924(c) so that the twenty-five-year mandatory minimum that applies to a subsequent conviction is triggered only after the prior one has become final. *Id.*

A § 2255 petition, however, is not the appropriate vehicle for Rivera-Ruperto's request. That is because § 2255 allows a prisoner to ask the Court to vacate or set aside his sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or that the sentence [exceeded] the maximum authorized by law." § 2255. But when his sentences were imposed, the Court was required by law to impose a twenty-five-year mandatory-minimum sentence for each of his subsequent § 924(c) convictions. Thus, § 2255 provides him no relief. The proper vehicle for relief would be a motion filed in his

criminal-case dockets seeking a sentence reduction under 18 U.S.C. § 3582(c).

## II.

In sum, the Court **DENIES** Rivera-Ruperto's § 2255 petition (Docket No. 1). We **DENY** him a certificate of appealability as well because he has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Certainly, he may ask the First Circuit to issue him one. FED. R. APP. P. 22(b)(1).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7th day of March 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE